WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael D Mott,                          )
                                         )
                Petitioner,              )
                                         )
                v.                       )     CV 05-2490 PHX SMM (VAM)
                                         )
Dora B. Schriro, et al.,                 )     ORDER
                                         )
                Respondents.             )
_____)

Pending before the Court is petitioner's second "MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO: Answers to Complaint ..." (Doc. 17) and Motion for Appointment of Counsel. (Doc. 18).

### 1. Motion for Extension of Time

Petitioner requests an extension of time, 160 days from the date respondents submitted their answer, to file a reply. Petitioner contends he deserves this time because respondents were given extensions totaling 160 days to file an answer. (See Doc. 17). This reason is insufficient to justify a further extension, let alone an extension of 160 days. Petitioner has presented no justification for such an extension and no further extension will be allowed to file a reply.

### 2. Motion for Appointment of Counsel

Petitioner also seeks appointment of counsel. Petitioner contends he has no legal training and cites unspecified interference of prison officials with his legal assistant. (Doc. 18 at p. 1).

1    Indigent state prisoners applying for habeas corpus relief
2    are not entitled to appointed counsel unless the circumstances
3    indicate that appointed counsel is necessary to prevent due
4    process violations.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th
5    Cir. 1986), cert. denied, 107 S.Ct. 1911 (1987).  The Court has
6    discretion to appoint counsel   when "the interests of justice so
7    require.  18 U.S.C. § 3006A(a)(2).  In addition, before
8    appointment of counsel in a habeas proceeding will be appropriate
9    the court "must evaluate the likelihood of success on the merits
10   as well as the ability of the petitioner to articulate his claims
11   pro se in light of the complexity of the legal issues involved."
12   Weygandt v. Look 952, 954 (9th Cir. 1983); see also Duckett v.
13   Godinez, 67 F.3d 734, 750 (n. 8) (9th Cir. 1995).

14       Upon review, petitioner has not established entitlement to
15   appointed counsel.  The mere fact petitioner has no legal training
16   is insufficient and hardly unique.  Petitioner fails to specify
17   what "interference" by prison officials has hampered his ability
18   to litigate this matter with the help of a "legal assistant."
19   Moreover, petitioner has not presented a sufficient likelihood of
20   success on the merits of his claim.  Respondents contend, inter
21   alia, that his claims are barred by the statute of limitations.
22   Under these circumstances, petitioner cannot demonstrate
23   entitlement to appointment of counsel under 18 U.S.C. §
24   3006A(a)(2).  This claim will be denied without prejudice.

25       IT IS THEREFORE ORDERED that petitioner's "MOTION FOR
26   EXTENSION OF TIME ..." (Doc. 17) is denied.

27       IT IS FURTHER ORDERED that petitioner's Motion for
28                                   2

1   Appointment of Counsel (Doc. 18) is denied without prejudice.

2         DATED this 24th day of April, 2006.

3

4   _____

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    3