IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott,<br>        Petitioner,<br>v.<br>Dora B. Schriro, et al.,<br>        Respondents. | CIV 05-2490 PHX SMM (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE STEPHEN M. MCNAMEE, CHIEF U.S. DISTRICT JUDGE.

Michael D. Mott ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises five grounds for relief in the petition. (Doc. 1 at pp. 5-9). Respondents filed an answer opposing the granting of habeas relief. (Doc. 13).

## I. BACKGROUND

On May 8, 1984, petitioner pleaded guilty in CR 138698 to kidnaping, a Class 2 felony, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). (Doc. 13 at Exhibit F). Petitioner subsequently moved to withdraw citing a lie detector examination, but the trial court denied the motion on June 21, 1984. (Id. at Exhibit G). Petitioner was given a suspended sentence of 7 years' probation and 1 year in the county jail. (Id.).

The Arizona Court of Appeals set aside petitioner's guilty

plea on direct appeal.  See State v. Mott, 722 P.2d 366 (Ariz.Ct.App. 1986).  However, the Arizona Supreme Court vacated that decision and affirmed petitioner's conviction.  See State v. Mott, 722 P.2d 247 (Ariz. 1986).

On January 10, 1985, the State petitioned to have petitioner's probation revoked alleging he committed the crime of escape.  (Doc. 13 at Exhibit J).  The Court determined that the allegations were proved by a preponderance of the evidence and revoked probation and on March 8, 1985, sentenced petitioner to an aggravated sentence of 14 years in prison.  (Id. at Exhibits K, L).  Just a few days later, on March 11, 1985, petitioner was sentenced to two consecutive terms of 10 years in prison in another case, CR 140943.  (Doc. 13 at Exhibit M).  These sentences were to begin upon petitioner's completion of his 14-year sentence in the case at bar, CR 138698.  (Doc. 13, Exhibit M at p. 5).  In a memorandum decision filed on January 29, 1987, the Arizona Court of Appeals affirmed the revocation of petitioner's probation in CR 138698 and the 14-year sentence of imprisonment.  (Id. at Exhibit N).  Petitioner did not seek review in the Arizona Supreme Court.

On May 12, 1986, petitioner filed a state habeas corpus petition in the trial court challenging his conviction in CR 138698 (the kidnaping conviction).  (Doc. 13 at Exhibit O).  Petitioner argued that his imprisonment was unlawful because a lie detector test showed he was innocent.  (See id.).

The trial court treated the petition as a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1 and denied relief in an order filed on September 9, 1986, finding:

> The matter which [petitioner] now raises in his Petition for Post Conviction Relief could have been raised on direct appeal.  Furthermore, inasmuch as polygraph results are inadmissible, and because [petitioner] has been found to have knowingly, voluntarily and intelligently entered a plea of guilty, nothing which [he] seeks to establish at the evidentiary hearing, even if taken as true, would establish results which would have been different .....
>
> Accordingly,
>
> IT IS ORDERED summarily denying the matters presently before this Court ..., and denying Petitioner's request for an evidentiary hearing.

(Doc. 13, Exhibit P at p. 2).

Petitioner filed a second state habeas petition on December 2, 1986, raising the same claim presented in his first proceeding. (See Doc. 13, Exhibit Q at pp. 3-4).  The trial court summarily denied the petition on December 8, 1986.  (Id. at Exhibit R). Petitioner re-filed the petition on January 5, 1987.  (Doc. 13 at Exhibit S).  The trial court summarily denied the petition on January 9, 1987.  (Id. at Exhibit T).

On September 8, 1987, petitioner filed another state habeas petition raising the same lie detector test argument.  (Doc. 13 at Exhibit U).  That same day, the trial court issued an order denying the petition, noting "the issues raised by this claim were considered and rejected [by the Arizona Court of Appeals] in State v. Mott ..."  (Doc. 13 at Exhibit V).  Petitioner filed a fifth state habeas petition and for the fifth time, the trial court denied the petition on January 2, 1990.  (Doc. 13 at Exhibits Y and Z).

On September 13, 1993, petitioner filed a NOTICE OF POST-CONVICTION RELIEF pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 13 at

Exhibit AA). Eventually, on August 2, 1994, the trial court dismissed the proceeding because petitioner did not follow-up his notice by filing a petition. (See id. at Exhibit CC). Nothing in the record indicates petitioner sought review of this dismissal or any of the earlier dismissals in the Arizona Court of Appeals. Over the next several years petitioner sent letters to the trial court but filed nothing. (See Doc. 13 at Exhibits DD and EE).

On October 7, 2003, petitioner filed another NOTICE OF POST-CONVICTION RELIEF again challenging his conviction in CR 138698. (Doc. 13 at Exhibit FF). The trial court dismissed the proceeding on October 10, 2003, noting previous proceeding had been dismissed in September, 1986 and August, 1994, and finding that petitioner "has not provided the court with any specifics as to how he might come within one of these exceptions [permitting late-filed or successive petitions], ..." (Doc. 13 at Exhibit GG). Nothing in the record indicates petitioner sought review of the trial court's dismissal of this proceeding in the Arizona Court of Appeals.

On April 12, 2004, petitioner filed another NOTICE OF POST-CONVICTION RELIEF pursuant to Ariz.R.Crim.P. 32.1 raising several claims for relief. (Doc. 13 at Exhibit HH). The trial court dismissed the notice "because these claims either were or should have been raised in the direct appeal or the prior Rule 32 proceedings." (Id. at Exhibit II). A motion to reconsider was denied on May 6, 2004. (Id. at Exhibit LL). Petitioner filed for review in the Arizona Court of Appeals but the court denied the petition without comment on June 17, 2005. (Id. at Exhibit KK).

On August 17, 2005, petitioner filed for federal habeas

4

1  corpus relief raising the following grounds:
2      **GROUND I**: 6th Amendment
3      Vindictive prosecution - Perjured Testimony -
4                        .....
5      **GROUND II**: 6th Amendment
6      Ineffective Assistance of Counsel -
7                        .....
8      **GROUND III**: 6th Amendment
9      Denial of Change of Attorney -
10                       .....
11     **GROUND IV**: 6th Amendment
12     Denial to withdraw from Plea -
13                       .....
14     **GROUND V:** 6th Amendment
15     Kidnapping - ... Petitioner was forced to plead to the wrong class felony ...
16
17                       .....
18 (Doc. 1 at pp. 5-9).
19 <center>**II. DISCUSSION**</center>
20     Respondents first contend that petitioner's claims are barred
21 by the statute of limitations.  Alternatively, respondents contend
22 that petitioner's claims were not properly exhausted in state
23 court and are now procedurally defaulted.
24 **A. Statute of Limitations**
25     As part of the Anti-Terrorism and Effective Death Penalty Act
26 of 1996 ("AEDPA"), Congress provided a 1-year statute of
27 limitations for all applications for writs of habeas corpus filed
28

pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1). The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief." Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date

6

his process of direct review came to an end." Id.  The Court, following other circuits, also held that the period of limitations "did not begin to run against any state prisoner prior to the statute's date of enactment" of April 24, 1996.  Beeler, 128 F.3d at 1287.  Thus, all federal habeas corpus claims concerning state court judgments finalized prior to April 24, 1996, had to be filed by April 23, 1997,[1] or they were barred by the statute of limitations absent a showing the circumstances surrounding the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

The Beeler Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling."  Id. at 1288-89.  The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application of Law to Facts of the Case**

---

[1] The Ninth Circuit has held that, pursuant to the counting provisions outlined in Fed.R.Civ.P. 6, the one-year limitations period for all habeas petitioner's challenging convictions or sentences finalized prior to the April 24, 1996 effective date of the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had nothing pending in state court at the time the one-year limitations period codified at 28 U.S.C. § 2244(d) went into effect on April 24, 1996 (his last post-conviction proceeding ended in August, 1994, when the trial court dismissed that proceeding). (See Doc. 13 at Exhibits CC and MM). As a result, petitioner had one year from April 24, 1996, or until April 24, 1997, to file a timely habeas petition challenging his kidnapping conviction in CR 138698. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file his federal habeas petition until August 17, 2005, more than eight years after the deadline passed. Although petitioner did file subsequent Rule 32 petitions in state court in 2003 and 2004, (see Doc. 13 at Exhibits FF and HH), these petitions did not toll the limitations period because the limitations period had already expired. See Ferguson v Palmateer, 321 F.3d 820, 823 (9th Cir.) ("we hold that section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed."), cert. denied, 540 U.S. 924 (2003).

Petitioner has presented no colorable basis for tolling of the limitations period and none is apparent from the record. As a result all claims raised by petitioner are time-barred. Because petitioner's claims are barred by the statute of limitations, the Court need not address respondents further contention that the claims are procedurally defaulted.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied because all claims are barred by the statute of limitations.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 24th day of April, 2006.

*Virginia A. Mathis*
Virginia A. Mathis
United States Magistrate Judge