IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dennis Mott,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CIV 05-2490-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").[1] The matter was referred to Magistrate Judge Virginia A. Mathis for a Report and Recommendation. On April 24, 2006, the Magistrate Judge filed a Report and Recommendation with this Court. (Dkt. 20.) On May 30, 2006, Petitioner filed his objections to the Report and Recommendation. (Dkt. 26.)

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[1] Petitioner filed a second petition for habeas corpus with this Court before filing his objections to the Report and Recommendation (dkt. 25), which is a mirror image of the original Petition. The Court will dismiss the second petition on the grounds that is a successive petition. See 28 U.S.C. § 2244(b)(1).

1 made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d
2 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454
3 (9th Cir. 1983)).

4 After reviewing the voluminous filings in this matter, the Magistrate Judge
5 recommended that the Petition be denied on the basis that the writ is barred by the statute of
6 limitations governing the filing of petitions under 28 U.S.C. § 2254, and there is no basis for
7 tolling the period of limitations.

8 The extensive procedural history of this case is set forth in Respondents' Answer to
9 the Petition (dkt. 13), the reported opinions of the Arizona state courts, and the Magistrate
10 Judge's Report and Recommendation (dkt. 20). In essence, Petitioner entered a plea of guilty
11 under North Carolina v. Alford, 400 U.S. 25 (1970), on May 8, 1984, to a charge of
12 kidnaping, a Class 2 felony, in the state court of Arizona, case number CR-138698. Prior to
13 entering his guilty plea, Petitioner took a unilateral lie detector test, which he professed
14 demonstrated his innocence. Despite his proclaimed innocence, he entered his plea of guilty
15 wherein he knowingly, voluntarily, and understandingly waived all of his rights, including
16 any defenses he may have had at the time. (Dkt. 13, Ex. F.)  After being sentenced to a term
17 of imprisonment upon his revocation on CR-138698,[2] Petitioner began an extensive series
18 of filings in state and federal court, beginning in May 1986. The gravamen of Petitioner's
19 claims are the same as those alleged in his current Petition: actual innocence of the kidnaping
20 crime based on the 1984 self-selected polygraph examination results, along with a few other
21 related and previously alleged claims.

22 Over the years, the Courts have denied Petitioner's claims for relief because (i) the
23 results of polygraph tests, absent a stipulation, are not admissible evidence in a criminal trial;
24 (ii) at the time of plea, Petitioner waived any defenses he had; and (iii) Petitioner often failed

---

27
28 [2] This 14-year term was to be served consecutively to terms imposed in another case on new charges, CR-140943, which are not challenged here.

- 2 -

1  to complete his remedies through the courts, waiving any future rights to present claims, and
2  the claims were procedurally defaulted.

3  Having reviewed Petitioner's objections and, thereafter, having reviewed the
4  Magistrate Judge's Report and Recommendation and the record *de novo*, the Court finds that:

5  Petitioner's claims for relief are barred by the statute of limitations.

6  Moreover, Petitioner's objections merely restate the claims of his initial Petition, and
7  recite propositions of general habeas law. His objections, however, do not focus on the
8  Magistrate Judge's specific findings or conclusions.

9  As the Magistrate Judge appropriately found, Petitioner was required to file any
10 federal habeas claims not later than April 24, 1997, and, after almost eight years, Petitioner
11 has not demonstrated any reason for tolling the statute of limitations. This Court agrees.

**CONCLUSION AND ORDER**

13 For the reasons set forth,

14 **IT IS ORDERED** that the Court adopts the Report and Recommendation of the
15 Magistrate Judge (dkt. 20).

16 **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
17 is **DENIED** with prejudice.

18 **IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Magistrate
19 Judge Virginia A. Mathis.

20 DATED this 5th day of June, 2006.

Stephen M. McNamee
United States District Judge