WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 05-2490-PHX-SMM (VAM)<br><br>**ORDER** |

Pending before the Court is a Motion to Amend a Response (the "Motion to Amend") filed by Petitioner on July 7, 2006. (Dkt. 31.)

On July 7, 2006, Petitioner filed a document titled, "Notice to Court," in which he responded to this Court's Order dated June 5, 2006 (dkt. 28). See dkt. 30. In the caption of his Notice to Court, Petitioner listed three cases that are pending in the United States District Court for the District of Arizona, including the instant case. See id. In his Motion to Amend, Petitioner requests that his Notice to Court be amended by cancelling out the second and third case numbers on the caption, leaving only case number CV-05-2490-PHX-SMM (VAM). Petitioner's Motion to Amend a Response will be granted.

Given that Petitioner's Notice to Court is no longer ambiguous, as it was filed only in the present case, the Court will review the Notice to Court, which it will construe as a Motion for Reconsideration of the Order issued on June 5, 2006 (i.e., docket number 28).

1  The Court's June 5, 2006 Order denied a second Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2254 filed by Petitioner on May 11, 2006 (the "Second Petition"), on the grounds that it constitutes a successive petition seeking to set aside his 1984 conviction, over which this Court lacks subject matter jurisdiction. See dkt. 28 at 2-3.

In his Motion for Reconsideration (dkt. 30), Petitioner contends that the Second Petition is not a successive petition because it "raises [the] issue of double jeopardy," which was not raised in his original petition and it cites "completely different cases than [his] original petition." (Dkt. 30 at 3.) Regardless of whether Petitioner raised the issue of double jeopardy in his original petition, the Second Petition is in fact a successive petition that this Court may not consider without permission from the Court of Appeals.

This Court must dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2)(A)-(B). Petitioner has made no such showing. This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file it because this Court lacks subject-matter jurisdiction over a successive petition. See Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997). Accordingly, Petitioner's Notice to Court, construed as a Motion to Reconsider will be denied.

**IT IS HEREBY ORDERED GRANTING** Petitioner's Motion to Amend a Response. (Dkt. 31.)

**IT IS HEREBY ORDERED DENYING** Petitioner's Notice to Court, construed as a Motion for Reconsideration. (Dkt. 30.)

DATED this 17th day of November, 2006.

Stephen M. McNamee
United States District Judge